IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MAY ERVING                                                                                          PLAINTIFF

V.                                                                          NO. 4:14-CV-00141-DMB-JMV

FRED'S STORES OF TENNESSEE, INC.,
XYZ CORP 1-10 and JOHN DOES 1-10                                       DEFENDANTS

**OPINION AND ORDER GRANTING REMAND**

This slip and fall action is before the Court on Plaintiff May Erving's Motion to Remand the case to the Circuit Court of Attala County, Mississippi. Doc. #6. Plaintiff avers that, although the parties are diverse, remand is required because Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant argues that the requisite jurisdictional amount is apparent on the face of the complaint because Plaintiff alleges that her injuries are extensive, permanent, and serious. For the reasons below, remand is granted.

**I
Factual Background and Procedural History**

In May of 2013, Plaintiff May Erving allegedly "slipped and fell in a liquid substance on the floor" of Defendant's store. Doc. #2 at ¶ 10. A little over one year later, Erving filed suit in the Circuit Court of Attala County against Fred's Stores of Tennessee, Inc. ("Fred's"), XYZ Corp 1-10 and John Does 1-10, alleging unspecified "bodily injuries" that resulted from the fall. *Id.* at ¶ 11, ¶ 14. In addition, Erving claims that her damages include:

    (a)   past/present/future medical expenses;
    (b)   past/present/future physical pain and suffering;
    (c)   past/present/future mental and emotional distress;
    (d)   past/present/future lost wages; and/or

(e) any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

*Id*. at ¶ 14.

In October 2014, Fred's removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1332(a). Doc. #1. In its notice of removal, Fred's alleges diversity of citizenship and that "the amount in controversy … exceeds … $75,000 … as Plaintiff demands damages well in excess of the requisite jurisdictional amount." *Id*. at ¶ 3. It is uncontested that complete diversity of citizenship exists between the parties.[1] *See* Doc. #6 at 2 ("Plaintiff does not dispute the existence of complete diversity of citizenship between [the parties]."). Only the amount in controversy is in dispute.

## II
## Law and Discussion

The removing party has the burden of proving the existence of federal jurisdiction and, if challenged, that the removal was procedurally proper. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This case was removed based on diversity jurisdiction, so the removing party must establish both that the parties are diverse and that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a).

Ordinarily, the Court consults the state court petition to determine the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If the petition does not include a specific monetary demand, however, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

---

[1] The notice of removal alleges that Plaintiff is "an adult resident citizen of the State of Mississippi" and that Defendant Fred's Stores … is a corporation organized under the laws of the State of Tennessee with its principal place of business in the State of Tennessee." Doc. #1 at ¶¶ 1–2. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'") (citation omitted).

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335 (citation omitted).

### A. Facially Apparent

Erving's complaint does not allege a specific dollar amount of damages; therefore, the Court first looks at the allegations in the complaint to determine whether the amount in controversy is facially apparent. The complaint alleges that Erving suffered physical and emotional pain and suffering as a result of unspecified "bodily injuries." Doc. #2 at ¶ 11, ¶ 14. Erving seeks damages in the form of past, present, and future physical pain and suffering, mental and emotional distress, medical expenses, and lost wages. *Id.* at ¶ 14. The allegations in the complaint do not expand on what specific type of injuries were sustained. Nor does the complaint allege whether hospitalization was required, what type of medical treatment was recommended or provided, whether surgery would be necessary, or, contrary to Defendant's contentions, the overall severity of Erving's injuries. Further, although Erving seeks damages in the form of lost wages, the complaint contains no information regarding Erving's job title, rate of pay, or the amount of time she was unable to work due to her injury. In other words, Erving's bare bones complaint facially offers no support for removal. *See Henderson v. Nexion Health at Minden, Inc.*, No. 13-2156, 2013 WL 5755677, at *2 (W.D. La. Oct. 22, 2013) ("The Hendersons did not plead any facts that would support a significant award of damages. Rather,

their petition lists boilerplate categories of damages sought such as "mental anguish" and "pain and suffering," terms which are likely found in most petitions filed in state court. Such unsupported listings do not assist the court in calculating the amount in controversy. A lawsuit does not become a federal case just because the plaintiff's attorney listed several damage categories in his petition."); *see also Daigle v. Borden Chem., Inc.*, No. CIV.A. 03-2100, 2003 WL 22671726, at *2 (E.D. La. Nov. 7, 2003) ("Although the Plaintiffs have provided categories of damages in the Petition, the Plaintiffs have not specified the types of injury they allegedly sustained, or the severity of those injuries. The vague description of injury in the Petition cannot itself support a finding that the amount in controversy requirement has been met in this case.").

### B. Summary Judgment Type Evidence

Fred's could still meet its burden of establishing subject matter jurisdiction by setting forth facts, either in the notice of removal or by affidavit, that support a finding that a requisite amount is in controversy. Fred's has not offered summary judgment-like evidence in its notice of removal; rather, Fred's merely restates the vague allegations in Erving's complaint, which, as explained above, do not demonstrate the requisite amount in controversy. Fred's also has not attached an affidavit with facts expanding on Erving's injuries and damages. Instead of doing so, it attempts to shift the burden to Erving by asking this Court to order "Plaintiff … to file an affidavit regarding the damages she is seeking."[2] Doc. #7 at 3. The law is clear: the removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar*, 47 F.3d at

---

[2] Defendant cites *Boyd v. Dolgencorp, Inc.*, No. 5:12-CV-48-DCB-JMR, 2012 WL 3779952 (S.D. Miss. Aug. 31, 2012), in support of this request. In *Boyd*, the plaintiff's complaint asked for only $74,000 in damages. *Id.* at *2. Where the plaintiff alleges a sum certain that is less than the requisite amount in controversy, that amount controls if the allegation is made in good faith. *See, e.g.*, *Allen*, 63 F.3d at 1335. The *Boyd* court, therefore, required "the removing party, to convince this Court that [the] $74,000 amount has been pled in bad faith." 2012 WL 3779952, at *2. After the removing party offered some evidence raising an inference of bad faith, Plaintiff was invited to submit an affidavit "establishing with legal certainty that the amount in controversy is no greater than $75,000." *Id.* at *3. *Boyd* is therefore inapposite for at least two reasons. First, this case does not involve an exact damages demand; thus, "bad faith" is not at issue. Lastly, and most importantly, Defendant has not offered a scintilla of evidence in support of proving the amount in controversy.

1408. Fred's has failed to carry its burden, and the Court declines to force Erving to shoulder a burden that the law does not impose.[3]

### III
### Conclusion

For the reasons above, Erving's motion to remand [6] is **GRANTED**. This matter is **REMANDED** to the Circuit Court of Attala County, Mississippi.

**SO ORDERED**, this 29th day of April, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Defendant, without citation, argues that "Plaintiff's refusal to stipulate [to an amount in controversy] is certainly a factor that may be considered." Doc. #37 at 3. While a refusal to stipulate may certainly be a factor in an amount in controversy inquiry, it does not establish the requisite amount in controversy when, as here, the plaintiff has pled only vague injuries. *See Gable v. Target Corp.*, No. 15-CV-1350 RMB/JS, 2015 WL 790548, at *2 (D.N.J. Feb. 24, 2015) ("Here, the amount in controversy is speculative at best, given Plaintiff's unspecified injuries and losses. The vague "injuries" in the Complaint coupled with a refusal to stipulate does not suffice to prove that this court has jurisdiction.").